```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
SHAAMEL SPENCER,                    :
                                    :
        Petitioner,                 :    Civ. No. 17-4777 (NLH)
                                    :
    v.                              :    OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
        Respondent.                 :
_____:

APPEARANCES:
Shaamel Spencer, No. 65119-050
FCI - McKean
P.O. Box 8000
Bradford, PA 16701
    Petitioner, pro se

Patrick C. Askin, Esq.
Office of the U.S. Attorney
401 Market Street
Camden, NJ 08101
    Counsel for Respondent

HILLMAN, District Judge

Petitioner Shaamel Spencer, a prisoner presently confined at the Federal Correctional Institution at McKean in Bradford, Pennsylvania, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. He later filed an Amended Motion, ECF No. 5 (the "Petition"), and a supplemental brief, ECF No. 7. Respondent filed an Answer in which it argued that the Petition was untimely. ECF No. 12.

Petitioner has not filed a reply. For the reasons that follow, the Court will deny the Petition as untimely.

I. BACKGROUND

On April 14, 2014, Petitioner pled guilty to a two-count information charging him with conspiring to possess with intent to distribute 100 grams or more of heroin and possession of two firearms by a convicted felon. See No. 14-cr-50, ECF Nos. 140 (Information); 143 (plea agreement). In the plea agreement, Petitioner stipulated that he was a "career offender" under the provisions of U.S.S.G. § 4B1.1, that his total offense level was 31, and that his criminal history category was VI. No. 14-cr-50, ECF No. 143. In addition, Petitioner agreed to waive his right to file an appeal or collateral attack on his sentence if he was sentenced within or below the Guidelines range resulting from a total Guidelines offense level of 31. See id. at 8.

At sentencing before the Honorable Joseph E. Irenas, the Court found that Petitioner was a career offender with a total offense level of 31 and a criminal history category of VI, with a resulting advisory guideline range of 188 to 235 months. See No. 14-cr-50, ECF No. 12-3 (sentencing transcript). The government asked for a sentence within the middle of the guideline range, and Petitioner asked for a downward variance and a sentence of 120 months' imprisonment. Id. The Court granted a downward variance to Level 29 and then sentenced

2

Petitioner to 151 months' imprisonment, which was at the bottom of the advisory guideline range at Level 29, Criminal History Category VI.[1]  See No. 12-3 (sentencing transcript).  The Court entered the judgment of conviction on July 23, 2014.  No. 14-cr-50, ECF No. 246.  Petitioner did not file an appeal.

Petitioner later filed a letter with the Court on April 11, 2016, inquiring about the status of his case in light of the Supreme Court's ruling that the residual clause of the Armed Career Criminal Act was unconstitutionally vague, citing Johnson v. United States, 135 S. Ct. 2551 (2015).  See No. 14-cr-050, ECF No. 858.  On June 24, 2016, Petitioner, through counsel, filed a motion to correct his sentence under 28 U.S.C. § 2255 claiming that he was incorrectly determined by the sentencing court to be a "career offender" in light of Johnson.  See No. 14-cr-050, ECF No. 871; No. 16-cv-3733, ECF No. 1.  On June 29, 2017, Petitioner filed a notice of voluntary dismissal of that § 2255 motion after the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017).  No. 16-cv-3733, ECF No. 4.

On June 23, 2017, Petitioner filed a new Motion to Vacate, Set Aside or Correct Sentence pursuant 28 U.S.C. § 2255, the

---

[1] The sentence imposed was "within or below the Guidelines range that results from the agreed total Guidelines offense level of 31."  See No. 14-cr-50, ECF No. 143, Sch. A.

3

date on which he placed it in the prison's mailing system. ECF No. 1 at 5. It was filed on the docket a few days later, on June 28, 2017. See ECF No. 1. At the direction of the Court, Petitioner filed an amended motion utilizing the correct form. ECF No. 5. In his Petition, Petitioner raises as grounds for relief the ineffectiveness of his trial counsel[2] and a claim based on the Supreme Court's holding in Mathis v. United States, 136 S. Ct. 2243 (2016). ECF Nos. 1, 5. On January 29, 2018, Petitioner filed a motion to supplement the pending § 2255 petition. ECF No. 7. On February 1, 2018, the Court granted Spencer's motion to supplement the pending § 2255 motion to correct the sentence. ECF No. 8. The supplemental brief includes additional argument and authority in support of the claims raised in the Petition. See ECF No. 7.

II. DISCUSSION

A. Timeliness

Section 2255 provides a one-year statute of limitations from the date on which the petitioner's conviction becomes final or from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

---

[2] Petitioner also argues that certain prior offenses should not be counted as prior convictions under the career offender provisions. See ECF No. 5 at 5-6. It is unclear whether Petitioner seeks to bring this claim independently or as an example of the ineffectiveness of his trial counsel. Any such claim, however, would be untimely as discussed below.

4

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1) & (3).

Here, Petitioner's sentence became final on or about August 6, 2014, after the time for filing an appeal expired. See Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (holding that a judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review). The Petition, however, was not filed until on or about June 23, 2017. ECF No. 1 at 5 (certificate of service providing that Petitioner placed the Petition in the mail on June 23, 2017). 2018"). See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (under the prison mailbox rule, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing[.]"). Thus, the Petition was filed beyond the expiration of the applicable one-year statute of limitations period contained in § 2255(f)(1).

Petitioner does not address the issue of timeliness in either his Petition or his Amended Petition other than to state that the grounds for relief were not apparent until after the Mathis decision or after he researched them. See ECF No. 5 at 5. Because the Petition includes a Mathis claim, the Court will presume in light of Petitioner's pro se status that Petitioner is asserting that Mathis announced a new right that

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1) & (3).

Here, Petitioner's sentence became final on or about August 6, 2014, after the time for filing an appeal expired. See Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (holding that a judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review). The Petition, however, was not filed until on or about June 23, 2017. ECF No. 1 at 5 (certificate of service providing that Petitioner placed the Petition in the mail on June 23, 2017). 2018"). See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (under the prison mailbox rule, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing[.]"). Thus, the Petition was filed beyond the expiration of the applicable one-year statute of limitations period contained in § 2255(f)(1).

Petitioner does not address the issue of timeliness in either his Petition or his Amended Petition other than to state that the grounds for relief were not apparent until after the Mathis decision or after he researched them. See ECF No. 5 at 5. Because the Petition includes a Mathis claim, the Court will presume in light of Petitioner's pro se status that Petitioner is asserting that Mathis announced a new right that

retroactively applies to his sentence, rendering his Petition timely under § 2255(f)(3).

Under § 2255(f)(3), both the Supreme Court and lower federal courts can decide the retroactive applicability of a new right announced by the Supreme Court when reviewing a petition. See United States v. Swinton, 333 F.3d 481, 487 (3d Cir. 2003) (holding that "the statute of limitations provision of § 2255 allows district courts and courts of appeals to make retroactivity decisions"). Thus, if Mathis recognized a new right for the purpose of § 2255(f)(3), the Mathis claim in the Petition would be timely because it was placed in the mail on June 23, 2017, within one year of the date Mathis was decided on June 23, 2016.[3]

The Court of Appeals for the Third Circuit has not yet decided in a published decision whether Mathis recognized a new right for the purpose of § 2255(f)(3), but it has cited approvingly to the reasoning of several other Courts of Appeals that have determined that neither Mathis, nor its predecessor, Descamps v. United States, 570 U.S. 254 (2013), establish a new right. See Boatwright v. Warden, FCI Fairton, 2018 WL 3640305, at *2 (3d Cir. July 31, 2018) (citing Dimott v. United States,

---

[3] Even if Mathis were a newly recognized right for the purpose of § 2255(f)(3), Petitioner's other claims for relief would still be untimely.

6

881 F.3d 232, 237 (1st Cir. 2018), cert. denied, No. 17-1251, 2018 WL 1243146 (U.S. June 25, 2018); In re Conzelmann, 872 F.3d 375, 376-77 (6th Cir. 2017); Beeman v. United States, 871 F.3d 1215, 1219-20 (11th Cir. 2017); United States v. Morgan, 845 F.3d 664, 666-67 (5th Cir. 2017)).

The Court agrees with the Courts of Appeals that have held that Mathis is not new. In Mathis, the Supreme Court stated that its "precedents make [it] a straightforward case," observing that its prior rulings and over twenty-five years of precedent dictate its conclusion. 136 S. Ct. at 2257. Because Mathis does not announce a new right but simply applies the Court's prior precedents to a new factual scenario, Petitioner's Mathis claim does not fall within the limitations period provided in § 2255(f)(3) and is untimely.

B. Equitable Tolling

The Petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period. "[T]he AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases." Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013) (citing Holland v. Florida, 560 U.S. 631, 645 (2010)); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 619 n.1 (3d Cir. 1998) (holding that equitable tolling applies to § 2255 motions). A litigant seeking equitable tolling bears the burden to establish

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653. Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651. See also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas

8

petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). See also Holland, 560 U.S. at 648-49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly and only when the "principles of equity would make the rigid application of a limitation period unfair").

Extraordinary circumstances have been found only where (1) the respondent has actively misled the plaintiff, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, Petitioner has presented no "extraordinary circumstances" or explanation for the delay in bringing his Petition that would allow this Court to consider equitable tolling. Thus, the Petition will be dismissed as untimely.

III. EVIDENTIARY HEARING

An evidentiary hearing is not warranted when the files and records of the matter conclusively show that the petitioner is entitled to no relief. See 28 U.S.C. § 2255(b). Petitioner has failed to meet his burden of demonstrating his entitlement to relief in the Petition, and the Court will decline to order an evidentiary hearing.

IV. CERTIFICATE OF APPEALABILITY

The Court will decline to issue a certificate of appealability because Petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

V. CONCLUSION

For the foregoing reasons, the Petition is denied as untimely. See 28 U.S.C. § 2255(f)(1) & (3). An appropriate order will follow.

Dated: November 1. 2018      s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN
     United States District Judge